588 F.Supp. 1203 (1984)
Linden W. SHIPMAN, et al., Plaintiffs,
v.
MISSOURI DIVISION OF FAMILY SERVICES, et al., Defendants.
No. S 83-199C(D).
United States District Court, E.D. Missouri, Southeastern Division.
June 29, 1984.
*1204 Jim R. Bruce, Kennett, Mo., for plaintiffs.
William E. Cornwell, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon defendants' motion to dismiss plaintiffs' complaint for failure to state a claim and for lack of subject matter jurisdiction. Upon its initial consideration of defendants' motion, the Court determined that relevant issues regarding abstention from federal jurisdiction had not been addressed by the parties, and ordered further briefs to be filed. Also before the Court is plaintiffs' motion for leave to amend his complaint.
Plaintiffs' complaint seeks declaratory and injunctive relief and monetary damages against the Missouri Division of Family Services (hereinafter "Division") and state officials charged with implementation of Missouri's child support enforcement program, Mo.Rev.Stat. § 454.460 et seq. Under this program, the Division identifies state public assistance payments made to households of dependent children, where the parent or parents are absent from the household. Any amount which the absent parent is obligated to pay in support of the child pursuant to a court order, up to the amount of assistance paid by the state, is termed "state debt." If there exists no such court order, the Division is empowered to set the amount of the state debt based upon a notice and finding of financial responsibility. Actual notice and an opportunity for a hearing are required prior to determination of the parent's financial responsibility. Once the amount of the state debt has been determined, the Division can employ available civil remedies to recover that amount from the responsible parent.
*1205 Plaintiff is an adult male resident of Dunklin County, Missouri. He was divorced in 1979, but was not required by the divorce decree to make support payments. Thereafter, the mother began receiving AFDC payments from the State of Missouri; pursuant to the above statute, therefore, the Division undertook to establish plaintiff's state debt obligation by means of a notice and finding of financial responsibility. Plaintiff now seeks a declaratory judgment from this Court that the procedures set forth in the statutory scheme are contrary to various provisions of the Missouri Constitution, and violate certain rights secured by the United States Constitution. He further seeks an order enjoining the Division from implementing or enforcing any implementing or enforcing any part of the program, and awarding him monetary damages. Finally, plaintiff seeks an order certifying this action as a class action on behalf of all non-custodial parents whose children receive state aid, and whose support obligation has not been established by a court of competent jurisdiction.
The threshold question which must be addressed is whether the Court should exercise its jurisdiction to decide this case, in view of the ongoing State enforcement proceedings now pending.[1] In certain situations it is appropriate for a federal court to exercise its equitable power to decline to adjudicate a case properly before it, based on considerations of federalism and comity. The Supreme Court recognizes three[2] theories upon which abstention can be based. One such theory, enunciated in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and its progeny, permits the federal court to abstain when it would unduly disrupt or interfere with a state's regulatory schemes or administrative processes. Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). See generally, 17 Wright, Miller & Cooper, Federal Practice and Procedure, §§ 4244-45 (1978). Burford-type abstention, however, is extremely narrow in its application, and difficult to define and apply. Construction Aggregates Corp. v. Rivera de Vicenty, 573 F.2d 86, 89 (1st Cir.1978). Arguably, it only applies where federal action would jeopardize an overall, compelling state policy as opposed to merely implicating a general public interest. Three Rivers Cablevision, Inc. v. City of Pittsburgh, 502 F.Supp. 1118, 1126 (D.C. Pa.1980). Further, it may be limited to cases where the subject matter of the action is "highly complex and unique." Santa Fe Land Improvement Co. v. City of Chula Vista, 596 F.2d 838, 842 (9th Cir. 1979). On balance, the Court does not consider Burford -type abstention to be appropriate under the facts of this case.
A second type of abstention was set forth in the case of Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). This theory applies when a federal court is faced with both federal constitutional claims and unsettled questions of state law which may be dispositive of the case; by withholding exercise of jurisdiction and permitting the state court to resolve the state law issue, the court may thereby avoid the need for resolving the constitutional question prematurely *1206 and unnecessarily. See generally, Wright, Miller & Cooper, supra, at §§ 4242-43. The Eighth Circuit has identified five factors applicable to abstention under the Pullman doctrine: (1) the effect of abstention on the rights to be protected; (2) the availability of state remedies; (3) whether the challenged statute is unclear; (4) whether the state law can be fairly interpreted so as to avoid the constitutional question; and (5) whether abstention would avoid unnecessary federal interference in state functions. George v. Parratt, 602 F.2d 818, 820-22 (8th Cir.1979). Accord, Coley v. Clinton, 635 F.2d 1364, 1373 (8th Cir.1980).
A case such as the present one, involving a new state statute never interpreted by the state court, but which arguably is contrary to the state court, but which arguably is contrary to the state constitution, seems uniquely suited for federal abstention under Pullman. For this Court to decide the present case would quite possibly mean holding a state statute invalid under the United States Constitution, only to have the State Supreme Court later render the decision futile and unnecessary by invalidating it under the state constitution. See, 17 Wright, Miller & Cooper, supra, § 4242 at 449, n. 2.
A far stronger ground for abstention, however, is under principles enunciated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). See generally, Wright, Miller & Cooper, supra, at §§ 4251-55. As originally formulated, this doctrine prohibited a federal court from interfering to enjoin pending state criminal proceedings, "except in very unusual situations, where necessary to prevent immediate irreparable injury." Samuels v. Mackell, 401 U.S. 66, 69, 91 S.Ct. 764, 766, 27 L.Ed.2d 688 (1971). It has since been expanded to permit abstention in non-criminal judicial proceedings where important state interests are involved. Moore v. Sims, 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994 (1979). Thus, "[w]here vital state interests are involved, a federal court should abstain `unless state law clearly bars the interposition of the constitutional claims.'" Middlesex County Ethics Committee v. Garden State Bar Ass'n., 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982), quoting from Moore, 442 U.S. at 426, 99 S.Ct. at 2379. See also Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).
In Middlesex, the Court outlined a threefold inquiry to determine whether Younger should apply: first, whether the proceedings ongoing at the state level constitute judicial proceedings; second, whether the proceedings implicate important state interests; and third, whether there is an adequate opportunity to raise constitutional challenges in the state proceedings. Middlesex, 457 U.S. at 432, 102 S.Ct. at 2521.
Considering the facts of the present case in light of the Middlesex test, this Court is convinced that application of Younger is appropriate. The procedures set up by the statutory plan must be considered "judicial" in that they provide for adversarial presentation of opposing positions, with a decision rendered on the basis of a record of those positions. Actual notice to the aggrieved party is required, as is consideration of information presented in his behalf. Finally, an open hearing before the Circuit Court is permitted upon request of the aggrieved party. Although not initiated by means of a civil complaint, these proceedings are nevertheless "of a character to warrant federal court deference." Middlesex, 457 U.S. at 434, 102 S.Ct. at 2522.
The State of Missouri has a clear vital interest in safeguarding the fiscal integrity of its public assistance programs, Trainor, 431 U.S. at 444, 97 S.Ct. at 1918; Fair Assessment in Real Estate Ass'n. v. McNary, 454 U.S. 100, 113-15, 102 S.Ct. 177, 184-85, 70 L.Ed.2d 271 (1981). There is also a strong interest in enforcing its child protection laws, Moore, 442 U.S. at 434, 99 S.Ct. at 2382. Finally, the Court *1207 finds that there is adequate opportunity for plaintiff to raise his constitutional claims within the statutory scheme. An absolute right to a hearing in the Circuit Court is provided. Mo.Rev.State, §§ 454.470.1(6), 454.470.4. Once in Circuit Court, the aggrieved party has full protection of procedural safeguards (Mo.R.Civ.P. 41.01) including the right to appeal (Mo.R.Civ. P. 81.01). No restriction is imposed on defenses which may be raised in the Circuit Court or on appeal, and plaintiff has not alleged or argued that the state courts have refused to consider constitutional claims.[3]
Nor does the Court find applicable any of the exceptions to application of Younger. See, Wright, Miller & Cooper, supra, at § 4255. Abstention otherwise proper is inappropriate upon a "showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 54, 91 S.Ct. at 755. No such circumstance has been alleged or argued by plaintiff. Accordingly, the Court finds that abstention under Younger is appropriate, and that dismissal of the action is therefore required.
The Court does not regard plaintiff's proposed amendment to the complaint as altering the considerations warranting abstention. Although an alternative legal theory is presented, the thrust of the amendment alleges that the Missouri statutory scheme violates the United States Constitution, and seeks to declare the statute invalid and enjoins its enforcement. For the same reasons discussed above, these additional allegations are not appropriate for a decision by this Court, and hence would not alter the Court's holding.

ORDER
In accordance with the Memorandum of this Court filed this date and incorporated herein,
IT IS HEREBY ORDERED that defendants' motion to dismiss be and is GRANTED; and that this matter be and is DISMISSED.
NOTES
[1] Defendant argues that the abstention issue cannot be addressed until the Court determines that there is valid subject matter jurisdiction, citing Miller-Davis Co. v. Illinois State Toll Highway Authority, 567 F.2d 323 (7th Cir.1977) and City of South Lake Tahoe v. California Tahoe Regional Planning Ass'n., 625 F.2d 231 (9th Cir. 1980). However, this issue is not of importance as the allegations under 42 U.S.C. § 1983 clearly gives the Court subject matter jurisdiction pursuant to 28 U.S.C. § 1343. Whether the complaint actually states a valid cause of action under Section 1983 goes to the merits of the claim, and need not be addressed in light of the Court's decision today.
[2] A fourth type of abstention has been recognized in more recent years, whereby a federal court with concurrent jurisdiction over a case also pending in state court may defer to the state court proceedings and dismiss the federal action. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The present case, however, does not fall into this pattern; Colorado River is therefore inappropriate.
[3] Plaintiff argues only that "the nature and scope of the hearing in Circuit Court is [sic] undefined and ambiguous." The Court agrees that the nature and scope are undefined, but must presume that they are as unambiguous as any other civil proceeding.