Paula KUENZ, on behalf of herself and all others similarly situated, Plaintiff,

and

Equal Employment Opportunity Commission, Intervenor,

v.

The GOODYEAR TIRE AND RUBBER COMPANY, Defendant.

Lyn EICHENSEER, on behalf of herself and all others similarly situated, Plaintiff,

v.

The GOODYEAR TIRE AND RUBBER COMPANY, Defendant.

Nos. 83–1469C(3), 84–0475C(3).

United States District Court, E.D. Missouri, E.D.

Jan. 30, 1985.

William E. Albrecht, Jack J. Cavanagh, St. Louis, Mo., Virginia M. O'Leary, Kimberly E. O'Leary, Jane G. Rocamora, Oakland City, for plaintiffs.

James R. Neely, Jr., E.E.O.C., St. Louis, Mo., for intervenor.

John J. Gazzoli, Jr., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on plaintiffs' motion for class certification, which is vigorously opposed by defendant. The class which plaintiffs seek to represent consists of:

> All women employed by The Goodyear Tire and Rubber Company from July 14, 1979 to date of judgment who have worked, are working, or will work in company-owned retail sales establishments within the Replacement Sales Tire Division throughout the United States.

A hearing on plaintiffs' motion was held on December 7, 1984.

Plaintiffs Kuenz and Eichenseer both charge sexual discrimination in their employment with defendant, in violation of Title VII, 42 U.S.C. § 2000e, et seq., and seek class certification under Fed.R.Civ.P. 23(b)(2). Generally, plaintiffs complain of a pattern and practice of denying women upward mobility, of denial of equal pay, and of denial of equal working conditions. Plaintiff Kuenz is currently employed by defendant as a Retail Sales Manager, and plaintiff Eichenseer no longer works for defendant.

■ Under Fed.R.Civ.P. 23(a), numerosity, commonality, typicality, and adequacy of representation are prerequisites to the maintenance of a class action. Additionally, parties seeking certification under Rule 23(b)(2) must show that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Nothing in Rule 23 limits the geographical scope of a class action, and a nationwide class is not inconsistent "with principles of equity jurisprudence, since the scope of injunctive relief is dictated by the extent of the violation established, not by the geographical extent of the plaintiff class." *Califano v. Yamasaki,* 442 U.S. 682, 702, 99 S.Ct. 2545, 2558, 61 L.Ed.2d 176 (1979). Nor does the fact that backpay may be sought incidentally to injunctive relief preclude certification under Rule 23(b)(2). *Sperry Rand Corp. v. Larson,* 554 F.2d 868, 875 (8th Cir.1977); *Mead v. U.S. Fidelity & Guaranty Co.,* 18 F.E.P. 158, 166 (D.C.Minn.1978). In considering the appropriateness of class certification, the Court makes no determination on the underlying merits of plaintiffs' claims.

■ In opposing certification of a nationwide class, defendant concedes that the requirement of numerosity is met in that joinder of all potential nationwide class members would be impracticable. Plaintiffs allege the existence of 1,000 to 1,500 putative class members, and the Court finds that plaintiffs have satisfied the requirement of numerosity.

Defendant does contest the commonality and typicality of plaintiffs' claims. In assessing these factors, the Court must touch upon the corporate structure of defendant's Replacement Tire Sales Division.

Defendant's corporate headquarters are located in Akron, Ohio. The nation is divided into seven regions, each with its own region manager. There are also seven divisions which correspond geographically with the seven regions, but which only concern the retail-oriented portion of the region. There are sixteen managers of human resource development within the seven regions.

Within each region are several districts, and districts are further divided into zones. A zone manager supervises a group of company-owned retail stores, generally about fifteen. Each store is headed by its own store manager, who reports to the zone manager, and may or may not have an assistant store manager.

Plaintiffs allege that defendant has never employed a woman at any level higher than a store manager; that is, there have never been any female zone managers, district managers, division managers, region managers, or human resource development managers (HRDs). Plaintiffs claim that women nationwide have been uniformly excluded from higher level jobs.

Defendant claims that employment decisions are locally made and that the commonality prerequisite cannot be satisfied at any level higher than the zone. However, defendant's manager of sales personnel, Richard Fuhrmeister, testified that HRDs are responsible for implementing personnel policy at the local level. Moreover, male employees may expect to advance from lower levels of employment up to the national office. The criteria for advancement to those positions from which women allegedly have been totally excluded are largely subjective and therefore dependent on decisions by an all-male hierarchy. Positions for advancement are not generally posted.

■ It appears to the Court in this employment discrimination case that common questions of law and fact are present. *See East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). The common question is whether defendant has discriminated against female employees by denying them overall upward mobility, pay, and working conditions that are available to similarly situated men in the Replacement Tire Sales Division.

■ As to typicality, the typicality requirement is generally satisfied if the claims of both the class representatives and absent class members "stem from a single event or are based on the same legal or remedial theory." *Paxton v. Union National Bank*, 688 F.2d 552, 561–62 (8th Cir.1982), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983), *quoting with approval* C. Wright & A. Miller, *Federal Practice and Procedure*, Civil 2d § 1764 at n. 21.1 (Supp.1982). If the same legal or remedial theory is present, then factual variations among purported class members will not negate the existence of typicality. *Paxton, supra*, 688 F.2d at 562; *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir.), *cert. denied*, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977).

■ The record discloses that there are other class members with grievances similar to those of plaintiffs. Accordingly, the typicality prerequisite is established.

■ The requirement of fair and adequate representation is of particular importance to absent class members, whose rights will be conclusively determined by the class action judgment. *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

The Eighth Circuit has held that

[t]he focus on Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class and (2) whether [sic] the class representatives will vigorously prosecute the interests of the class through qualified counsel.

*Paxton, supra*, 688 F.2d at 562–63 (citations omitted); *see also U.S. Fidelity & Guaranty Co. v. Lord*, 585 F.2d 860, 873 (8th Cir.1978), *cert. denied*, 440 U.S. 913, 99 S.Ct. 1228, 59 L.Ed.2d 462 (1979). If the representative's interests will be enforced "at the expense of other class members or will, in any other way, be antagonistic to the class' interests" or if counsel is not competent to pursue the litigation, then this prerequisite is not established. *Paxton, supra*, 688 F.2d at 563.

Defendant does not contest that plaintiffs have prosecuted their action vigorously or that they are represented by counsel with experience in class litigation. Defendant does claim that there are potential conflicts between the named plaintiffs and proposed class members in that they would be in competition for future promotional opportunities.

■ The conflict of interest that will defeat this element is a conflict that "relate[s] to the subject matter in controversy." *Sperry Rand Corp. v. Larson, supra*, 554 F.2d at 874. Here, the subject matter in controversy is defendant's allegedly discriminatory employment practices. Plaintiffs have an interest common to all class members in establishing discrimination by defendant in the terms of employment. It appears that plaintiffs, assisted by the Equal Employment Opportu-

nity Commission, will be able to bear the costs of litigation. Accordingly, this requirement is satisfied.

Finally, it is clear that plaintiffs' allegations suggest action by defendant on grounds generally applicable to the class, making final injunctive relief appropriate as per Rule 23(b)(2).

Accordingly, plaintiffs' motion for class certification will be granted.

## ORDER

A memorandum dated this day is hereby incorporated into and made a part of this order.

IT IS HEREBY ORDERED that plaintiffs' motion for class certification be and the same is granted, and the Court hereby certifies the following class in this action:

All women employed by The Goodyear Tire and Rubber Company from July 14, 1979 to date of judgment who have worked, are working, or will work in company-owned retail sales establishments within the Replacement Sales Tire Division throughout the United States.