**Linden W. SHIPMAN, Individually and on behalf of others similarly situated, Appellant,**

v.

**MISSOURI DEPARTMENT OF FAMILY SERVICES; Joseph O'Hara, individually and as Director of Division of Family Services, Appellees.**

Nos. 88–1315, 88–1955.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1988.

Decided June 12, 1989.

Rehearing and Rehearing En Banc Denied Aug. 18, 1989.

Jim R. Bruce, Kennett, Mo., for appellant.

William Cornwell, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and BOGUE,* Senior District Judge.

McMILLIAN, Circuit Judge.

Linden W. Shipman appeals from final judgments entered in the District Court[1] for the Eastern District of Missouri. In appeal No. 88–1315 the district court held that Shipman's 42 U.S.C. § 1983 action challenging certain Missouri State Statutes is mooted by the subsequent amendment of the statutes and that Shipman lacks standing to challenge the 1984 enactments because no action under these enactments has been brought against him. In appeal No. 88–1955 the district court held that Shipman is not entitled to attorney fees because he failed to prove a causal connection between his suit and the 1984 enactments. For the reasons discussed below, we affirm the judgments of the district court.

In September 1979 Shipman was divorced from Maudie Shipman. The divorce decree awarded custody of Shipman's two minor children to Maudie Shipman, but the court made no provision for financial support. From March 1978 through March 1983 Maudie Shipman received aid for dependent children (AFDC) from the Missouri Department of Family Services (DFS).

The State of Missouri participates in a joint state-federal Child Support Enforcement Program under Title IV–D of the Social Security Act. 42 U.S.C. §§ 651–665 (1988). The statutory scheme provides for the recoupment from the noncustodial par-

---

* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri, tried the case pursuant to 28 U.S.C. § 636(c).

ent of state and federal funds paid to the custodial parent. The obligation of the noncustodial parent to reimburse the state for public assistance provided to his or her children was first mandated by Mo.Rev. Stat. § 454.465 (1982) (1982 enactments).

The 1982 enactments empowered the Director of the DFS to set the amount of debt owed by the noncustodial parent ("state debt") in cases where no court order had established that parent's support obligation. Unlike the federal regulations at 45 C.F.R. § 302.1 et seq. which require the use of a formula to determine the state debt, the 1982 enactments merely instruct the Director to set the state debt at an amount equal to the public assistance paid.

On April 6, 1982, the Director issued a Notice of Finding of Financial Responsibility/State Debt to Shipman setting the state debt at $11,722, the amount of public assistance paid to Maudie Shipman through March 1983. In 1983, after a hearing, the DFS found Shipman to be financially responsible for $11,722 pursuant to the 1982 enactments. Shipman subsequently filed this civil rights action against DFS and its Director in federal district court. He asserted that appellees had violated the Equal Protection and due process clauses of the fourteenth amendment, the supremacy clause of the Constitution of the United States, the federal regulations contained at 45 C.F.R. § 302.53, and article III section 1 of the Constitution of the State of Missouri. He sought injunctive and declaratory relief, monetary damages, and attorney fees. Shipman also filed an action in the Circuit Court of Dunklin County, Missouri.

In 1984 the Missouri General Assembly amended the 1982 enactments. Mo.Rev. Stat. § 454.465(1) (1984) (1984 enactments). Under the 1984 enactments the Director was authorized to set the state debt in an amount "not to exceed" the amount of public assistance paid.

The district court dismissed the instant case on June 29, 1984, on the grounds that abstention was appropriate. *Shipman v. Missouri Division of Family Services*, 588 F.Supp. 1203, 1207 (E.D.Mo.1984), *vacated mem.*, 782 F.2d 1048 (8th Cir.1985). Shipman appealed the dismissal.

On May 24, 1985, the state circuit court also dismissed Shipman's case and remanded it to the DFS to be processed under the 1984 enactments. DFS then sought a writ of prohibition in the Missouri Court of Appeals.

In 1985 this Court heard Shipman's appeal from the district court's abstention dismissal. On November 8, 1985, this Court vacated the judgment of the district court and remanded the case with directions to retain jurisdiction until the Missouri Court of Appeals had ruled on the writ of prohibition. *Shipman v. Missouri Department of Family Services*, slip op. at 3–4 (8th Cir. Nov. 8, 1985) [782 F.2d 1048 (table)]. If the writ were denied, the district court was ordered to dismiss this case as moot. *Id.* The writ of prohibition was ultimately denied by the Missouri Court of Appeals, and Shipman was allowed to amend his federal complaint. On March 25, 1987, appellees moved for summary judgment stating that the Director would take no further action against Shipman under the 1982 enactments and arguing that Shipman lacked standing to pursue his challenge of the 1984 enactments.

On January 25, 1988, the district court granted appellees' motion for summary judgment on all issues except the award of attorney's fees. On May 20, 1988, the district court held that Shipman was not entitled to attorney's fees because he had failed to demonstrate a causal connection between his lawsuit and the state's amendment of the 1982 enactments. These consolidated appeals followed.

*Mootness (No. 88–1315)*

■ Shipman argues that the district court erred in granting summary judgment to appellees on the basis that his claim is moot. He argues that his claims for declaratory relief and monetary damages should have been considered. We disagree.

In dismissing the case as moot, the district court was following this Court's mandate of November 8, 1985:

Under the present ruling of the state court, Shipman's challenge to the old statute and administrative procedure is mooted. We therefore remand this case to the district court with directions to retain jurisdiction until such time as the Missouri Court of Appeals passes on the writ of prohibition. If the writ is denied and Shipman's case is remanded to the Division of Family Services to be processed under the amended statute, the federal district court should dismiss the case as moot. If, however, the writ of prohibition is sustained and Shipman is required to process his administrative review in the Missouri state court under the old statute, the district court is requested to review Shipman's claim as to whether the administrative review in the state court under the old statute is insufficient to justify abstention under *Middlesex* [*County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)]. Under such circumstances, the district court is to either enter a new judgment on the grounds of abstention or to try plaintiff's claim under section 1983.

*Shipman v. Missouri Department of Family Services*, slip op. at 3–4 (8th Cir. Nov. 8, 1985) [782 F.2d 1048 (table)]. Once the writ of prohibition was denied, the district court had no choice but to follow the mandate and dismiss all claims previously raised.

> When a case has been decided by this court on appeal and remanded to the District Court, every question which was before this court and disposed of by its decree is finally settled and determined. The District Court is bound by the decree and must carry it into execution according to the mandate. It cannot alter it, examine it except for purposes of execution, or give any further relief or review it for apparent error with respect to any question decided on appeal.

*Houghton v. McDonnell Douglas Corp.*, 627 F.2d 858, 864–65 (8th Cir.1980), *citing Thornton v. Carter*, 109 F.2d 316, 319–20 (8th Cir.1940).

The district court properly followed the mandate of this Court by dismissing as moot all of Shipman's claims involving the 1982 enactments.

*Standing*

■ Shipman argues that the district court erred in granting summary judgment to appellees on his claims based upon the 1984 enactments and the DFS's alleged practices subsequent to these enactments. He argues that he may be subject to a future action by appellees to recover state debt for AFDC payments made to Maudie Shipman after 1984. The district court properly held that Shipman lacked standing to challenge the 1984 enactments.

In order to establish standing, a plaintiff must show that he or she has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and that the injury is likely to be redressed by a favorable decision. *Heckler v. Mathews*, 465 U.S. 728, 738, 104 S.Ct. 1387, 1394, 79 L.Ed.2d 646 (1984). The injury may not be merely " 'conjectural' or 'hypothetical,' " *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (citations omitted), and the injury alleged must be fairly traceable to the challenged action. *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).

In the present action, Shipman alleges no real or threatened injuries as a result of the 1984 enactments. Appellees have not initiated any proceedings against Shipman under the 1984 enactments. Such proceedings are now merely conjectural. Therefore, the district court properly concluded that Shipman lacks standing to challenge the 1984 enactments.

*Class Certification*

■ Shipman argues that the district court erred in dismissing his case without ruling on his motion for class certification. Shipman relies on *United States Parole Commission v. Geraghty*, 445 U.S. 388, 401–02, 100 S.Ct. 1202, 1211, 63 L.Ed.2d 479 (1980), (citations omitted) (*Geraghty*).

> Nor does a confession of judgment by defendants on less than all the issues moot an entire case; other issues in the case may be appealable. We can assume

that a district court's final judgment fully satisfying named plaintiffs' private substantial claims would preclude their appeal on that aspect of the final judgment; however, it does not follow that this circumstance would terminate the named plaintiffs' right to take an appeal on the issue of class certification.

The district court in *Geraghty* had denied the plaintiffs' class certification motion. Therefore, the Supreme Court held the district court's ruling on the issue of class certification was appealable as a separate issue even though the named plaintiff's substantive claims had been mooted by his release from prison. In the instant case, Shipman did not file a motion requesting the district court to rule on the question of class certification, and the district court did not make a ruling. Under these circumstances *Geraghty* does not apply and the proper rule is that:

> Where named plaintiff's personal claim becomes moot prior to district court's ruling on certification of a class action, the court loses jurisdiction over the action because the case or controversy requirement of Article III is violated.

*Inmates of Lincoln Intake & Detention Facility v. Boosalis*, 705 F.2d 1021, 1023 (8th Cir.1983), *citing Vun Cannon v. Breed*, 565 F.2d 1096, 1099 (9th Cir.1977).

Nor does the narrow "relation back" exception of *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (*Gerstein*) apply to this case. *Gerstein* held that where a claim is "capable of repetition but evading review" a court may rule on class certification even if the named plaintiff's individual claim became moot before the court had considered class certification. *Id.* at 110–11 n. 11, 95 S.Ct. at 861–62 n. 11. The present case does not meet the requirements of the *Gerstein* exception, because we hold the district court did not err in granting summary judgment to appellees without ruling on the issue of class certification.

*Attorney Fees (No. 88–1955)*

▪ Pursuant to 42 U.S.C. § 1988, Shipman argues that he is entitled to an award of attorney fees as a prevailing party un-

der the "catalyst theory" of recovery. He argues that he is a "prevailing party" as required by *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), because some of the changes reflected in the 1984 enactments were the result of his federal suit.

To recover under the "catalyst theory," Shipman had to first prove that a causal link existed between his lawsuit and the 1984 enactments. *Id.* at 763, 107 S.Ct. at 2677. Whether such a causal link existed is a question of fact. *United Handicapped Federation v. Andre*, 622 F.2d 342, 346 (8th Cir.1980). The district court found that Shipman did not show a causal link between his federal suit and the 1984 enactments. Having carefully reviewed the record and the district court's memorandum opinion of May 20, 1988, we cannot conclude that the district court's finding of fact is clearly erroneous. Therefore, the district court's decision denying attorney's fees must be sustained.

Accordingly, the judgments of the district court are affirmed.