**Paula KUENZ, et al., Plaintiffs,**

v.

**GOODYEAR TIRE & RUBBER COMPANY, Defendant.**

No. C85–900–A.

United States District Court, N.D. Ohio, E.D.

June 12, 1985.

William E. Albrecht, Clayton, Mo., Virginia M. O'Leary, Kimberly E. O'Leary, Jane G. Rocamora, Oakland City, Ind., Beverly M. Rose, Hershey & Browne, Akron, Ohio, Jack J. Cavanaugh, St. Louis, Mo., for individual plaintiffs.

Equal Employ. Advisory Council, Kathryn Scully, McGuiness & Williams, Washington, D.C., and George W. Rooney, Jr., Roetzel & Andress, Akron, Ohio, Robert G. Johnson, Ferne P. Wolf, E.E.O.C., St. Louis, Mo., for E.E.O.C.

James M. Conlin, The Goodyear Tire & Rubber Co., and John T. Billick, James D. Kurek, Buckingham, Doolittle & Burroughs, Akron, Ohio, and John J. Gazzoli, Jr., Lewis & Rice, St. Louis, Mo., for defendant.

## ORDER

BELL, District Judge.

Before the court are alternative motions for reconsideration of the granting of a motion for class certification or for allowing an interlocutory appeal on that issue filed by defendant in this cause. Inasmuch as the circumstances leading to the court's consideration of this matter are not only somewhat unusual but have a bearing on the decision which follows, those circumstances are briefly recited at this point in the opinion.

The cases in issue, namely *Kuenz, et al. v. Goodyear Tire & Rubber Company* and *Eichenseer v. Goodyear Tire & Rubber Company*, were originally consolidated in the United States District Court for the Eastern District of Missouri. While in that venue, each cause bore a separate case number. After removal to this court, the cases were consolidated under a single caption number, C85–900–A. The trial court in Missouri undertook hearings on plaintiffs' motions to certify class representation after considerable discovery had been conducted on that issue; class certification was subsequently granted on January 30, 1985, 104 F.R.D. 474. Defendant Goodyear thereafter requested removal of the causes of action under discussion and that motion was granted which resulted in the case files referred to above being transferred to this jurisdiction.

On April 15, 1985, defendant filed a "Motion to Reconsider Class Certification and/or Amend Order." Two weeks later, plaintiffs responded and the court accepted a third *amicus curiae* brief of the Equal Employment Advisory Council. The issues having been drawn in such fashion, oral hearing was conducted on June 3, 1985. The court's opinion follows.

As might be assumed from the very brief history of plaintiffs' causes in the Missouri venue, the trial judge there gave careful attention to the management of those causes as they progressed to the point of the requested certification. Because of this, Judge Hungate had not only the arguments of counsel to assist him in making his decision but had in addition certain depositions, briefs and affidavits. It is obvious that he considered each in reaching his

decision. It is Goodyear's position, however, that he ignored the Supreme Court decision in *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), and thus erred in certifying, as he did, a nationwide class.

Before proceeding further, certain threshold matters should be discussed. One gleans from the statements of Goodyear's counsel during oral argument that courts possess, in his view, the inherent power to reconsider and, if necessary or desirable, amend or modify their previous rulings. Plaintiffs' view does not necessarily differ in this particular respect but they do urge here that the previously assigned trial judge established what is termed the 'law of the case,' and that the prior ruling is not subject to defendant's motion. It goes without saying that the present situation tends to be more complicated than normal by virtue of the fact that this court is asked to reconsider the ruling made by a fellow jurist of equal status in another district. Thus, what is termed a motion for reconsideration by defendant tends to be viewed by plaintiffs as something resembling an appellate review of the law already enunciated as governing this proceeding.

■ It would appear to be beyond argument that a court may review and thereafter modify or amend its own orders. To apply the context of this statement to the immediate cause, one reasons that Judge Hungate could, within the perimeters of his judicial powers, alter or amend his order dated January 30, 1985 relating to class certification. However, the application of the principle of the 'law of the case' is a salutary one. It reflects the sound policy of courts generally that once an issue is decided by application of precedential law to the facts presented, that decision governs the case thereafter. But, while the application of the principle may be salutary, it is not to be rigidly applied, particularly in a setting such as that before us now where constant monitoring of the certified class is advisable under the provisions of Rule 23 of the Federal Rules of Civil Procedure. The order of certification made here is obviously subject to a motion for reconsideration if such motion had been submitted to the original trial judge. In the opinion of this court, Judge Hungate would not have been precluded from such a review by any 'law of the case' principle.

■ Assuming the reasoning above to apply to a request for reconsideration made of the original judge, may such a review be validly made by a successor or transferee judge? Again we must reason that this review, just as would be the case in relation to the original or transferor judge, is not necessarily barred by the principles of the 'law of the case.' We are instructed that a transferee court is not without power to modify or even vacate a protective order made by the transferror. *See In re United States*, 733 F.2d 10, 13–14 (2d Cir.1984); *In re Upjohn Co. v. Antibiotic Clescin Products Inc.*, 664 F.2d 114, 118–19 (6th Cir. 1981). Judge Hand, in his dicta in *Dictograph Products Company v. Sonotone Corporation*, 230 F.2d 131, (2d Cir.1956), quotes Mr. Justice Holmes:

> In the absence of statute the phrase, "law of the case," as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power.

*Id.* at 135 (quoting *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912)).

In sum, there is no reason to believe that this court may not honor defendant's motion for reconsideration and, in addition, there is no reason to suggest that Judge Hungate's decision establishes the 'law of the case' to such a degree as to preclude the review requested by defendant.

■ While the court has the power to modify or vacate an order previously entered in the same case by any judge to whom it was assigned and is not precluded from such action by 'law of the case' princi-

**14**

ples, exercise of this power must of necessity be used sparingly. When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinnings upon which the decision was based. For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions.

Decisions, once made in full consideration of complete records during the course of litigation, deserve the badge of dependability necessary to advance the case to the next stage. During the course of its progress, the court maintains the ability to modify previous orders when a new fact or legal premise is brought to light. This is especially true on the issue of class certification as provided by Federal Rule of Civil Procedure 23(c)(1).

■ As previously indicated, the primary motion before the court is one for reconsideration of the class certification order. This court is of the opinion that it should decline the review requested at this point in the proceedings. All of the evidence to be reviewed now to 'test' Judge Hungate's decision was before him at the time of his opinion. No new showing of fact or law is presented to this court. Thus, the only question is whether the certification order conforms to the legal standard enunciated in *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). That standard, defined in briefest form, requires that:

> [A] Title VII class action, like any other class action, may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.

*Id.* at 161, 102 S.Ct. at 2372.

The opinion of the Missouri trial court clearly recognizes the specific prerequisites to the maintenance of class representation set forth in Rule 23(a). The trial judge considered each of these in his memorandum order. This court is of the view that

there is little judicial value in matching the words of the opinion to some substantiation in the record; although *Falcon* is neither quoted nor mentioned, there is no evidence that its teachings were disregarded.

It is the position of this court that:

1. The motion for reconsideration is denied as is the motion for interlocutory appeal.

2. Limited discovery will now take place according to schedule arrived at by the court and counsel.

3. The court will meet with counsel at a date set within the next 45 days and at that time set the discovery schedule.

It should be noted that this court will subject this cause to continuing monitoring during the discovery period. While the court will not consider further motions for reconsideration of the original opinion and order issued by Judge Hungate, it does not wish to imply that proper motions for decertification or alteration of the certification order will not be fairly and carefully reviewed if filed.

IT IS SO ORDERED.