WILSON, APPELLANT, *v.* BROWN, APPELLEE.

(No. 86AP-1008—Decided July 9, 1987.)

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *Charles G. Kaps,* for appellant.

*Sylvester Brown, pro se.*

STRAUSBAUGH, P.J. This is an appeal by plaintiff Joyce Evelyn Wilson from a judgment of the common pleas court dismissing her complaint for divorce. At the conclusion of the trial, defendant Sylvester Brown moved the court for a directed verdict in his favor on the grounds that plaintiff had failed to establish that a common-law marriage existed between defendant and plaintiff. The court dismissed the complaint and denied plaintiff's motion for judgment notwithstanding the verdict. Plaintiff filed the instant suit on August 23, 1985, alleging a common-law marriage with defendant and prayed the court for a divorce and property settlement. A hearing before a referee was conducted on December 10, 1985 to determine whether a common-law marriage in fact existed. The referee recommended that the court find a common-law marriage, to which defendant filed no objections. The report, along with the referee's recommendation that defendant pay alimony and child support, was adopted by the court on April 24, 1986 and journalized.

A trial on the issue of divorce commenced on July 22, 1986. The court set aside its April 24, 1986 order and received evidence on the issue of whether there existed a common-law marriage. On July 30, 1986, at the close of trial, defendant moved for a directed verdict. The court granted defendant's motion and dismissed plaintiff's complaint for divorce for failure to prove a common-law marriage. The court also denied plaintiff's prayer for alimony, including arrearages of alimony previously granted. The order was journalized on August 5, 1986. Plaintiff's Civ. R. 50(B) motion was denied on October 21, 1986 and this appeal was filed on November 3, 1986.

Plaintiff on appeal makes two assignments of error:

"1. It was error for the court to set aside its own journal entry previously approving and adopting a referee's report which found that a common-law marriage existed between appellant and appellee, and [to] allow such issue to be relitigated at trial.

"2. It was error for the court to set aside and hold for naught after trial, all previous arrearages for temporary alimony owed to appellant which had earlier been recommended by the referee and approved by the court itself."

It should be noted that this case is before the court on plaintiff's brief without the benefit of a brief by defendant. App. R. 18(C) provides:

"Consequence of failure to file briefs. * * * If an appellee fails to file his brief * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

Accordingly, plaintiff's statement of facts and issues will be taken as correct.

Plaintiff contends that when a referee, appointed pursuant to Civ. R. 75(C), renders a report in accordance with Civ. R. 53(E), the court and parties are bound by that report once journalized. Civ. R. 53(E)(5) is the apparent source for this contention. That rule states, in part:

"(5) When effective. The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court. * * *"

Plaintiff maintains that, given the language of Civ. R. 53, the court abused its discretion when it set aside the April 24 entry and required plaintiff to relitigate the issue of whether a common-law marriage existed. We agree, with the understanding that plaintiff does not argue that a court abuses its discretion in every instance when it directs the parties to relitigate an issue previously heard by a referee and adopted by the court.

In our view, the provision in Civ. R. 75(C) for a hearing before a referee on some issues is the equivalent of the provisions contained in Civ. R. 42(B) and 56(D). As such, when the court is confronted with multiple issues relating to a claim for divorce, it may order a separate hearing on one or more of those issues. Just as Civ. R. 56(D) authorizes a journal entry specifying uncontroverted facts, so, too, may the court journalize the findings of a referee on those issues pursuant to Civ. R. 75.

Merely because a court journalizes its findings on an issue, however, does not necessarily foreclose relitigation of that issue later in the case. See, e.g., Kuenz v. Goodyear Tire & Rubber Co. (N.D. Ohio 1985), 617 F. Supp. 11, 13-14. Rather, so long as the parties and the subject matter of the suit remain rightfully before the court, it has the inherent power to reopen issues previously determined. Id. Thus, until the court finally adjudicates the rights of the parties regarding a claim, the court may, in the exercise of its discretion, reopen and take evidence on any part of that claim. It follows from this, then, that such factual findings are interlocutory only. Accordingly, even though the court may adopt the findings of a referee made pursuant to Civ. R. 75(C), those findings are not final appealable orders. Daughtry v. Daughtry (1973), 47 Ohio App. 2d 195, 1 O.O. 3d 275, 353 N.E. 2d 641.

Despite the fact that Civ. R. 75 orders may be characterized as interlocutory, such orders may not lightly be set aside. Rather, the proper procedure to follow when vacating a prior journal entry adopting a referee's report is to provide the parties with notice and an opportunity to be heard on the issue. This requirement is even more pressing under the circumstances of this case since defendant failed to object to the report of the referee. Had defendant filed objections, plaintiff could have responded to those objections. That procedure would usually make unnecessary a subsequent hearing by the court regarding whether a prior decision adopting or rejecting the report should be vacated.

Given the fact that defendant has failed to file a brief, we can find no reason to support the court's decision to set aside its prior decision regarding the common-law marriage. Moreover,

there is no indication in the court's August 5 entry dismissing plaintiff's complaint that the April 24 entry had been vacated. Therefore, plaintiff's first assignment of error is well-taken and is sustained.

Plaintiff's second assignment of error alleges that the court erred in setting aside the earlier journal entry awarding her temporary alimony. The court below premised this order on its disposition of plaintiff's common-law marriage claim. In light of our holding regarding that claim, plaintiff's second assignment of error is rendered moot. It is, therefore, overruled.

The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed. The cause is remanded to that court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.