**FERGUSON, n.k.a. Cocola, Appellant,**

v.

**FERGUSON, Appellee.**

[Cite as *Ferguson v. Ferguson* (1992), 76 Ohio App.3d 818.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–977.

Decided Feb. 6, 1992.

*Brenda B. Alleman,* for appellant.

*Harry Lewis Co., L.P.A.,* and *Vincent Dugan; Thompson, Hine & Flory* and *Edward Whipps,* for appellee.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Dorothy Ferguson, n.k.a. Dorothy Cocola, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, on her June 27, 1990 motion to modify child support.

At the time that appellant and appellee, Richard Ferguson, were divorced in July 1987, the court ordered custody of their children to appellant and ordered appellee to pay child support in the amount of " * * * Sixty Dollars ($60) per week per child * * *." On June 27, 1990, appellant filed a motion requesting a modification of child support based upon the oldest child's graduation from high school and subsequent emancipation in July 1990. After several continuances, the case was heard before a referee on October 18, 1990. The referee issued his first report on April 4, 1991. Both parties filed objections and appellee filed a motion for reconsideration. Another hearing was held on May 7, 1991 and the referee filed a second report on May 22, 1991.

In these combined reports and relevant to this appeal, the referee found there was a substantial change of circumstances and recommended that child support be computed to be $193.88 per month, plus poundage for three children for the four weeks following June 27, 1990, the date appellant's motion was filed. Following July 25, 1990, the date of the eldest child's emancipation, child support was to be modified to $155.04 per month for the two unemancipated children. The referee based this decision on appellee's unemployed status, considering a gross annual income on October 18, 1990 of $14,508 or $279 per week. He calculated appellant's gross annual income on October 18, 1990, to be $6,104. The referee concluded that appellee was entitled to a credit of $456.26 for child support and alimony obligations as of October 19, 1990.

Other facts relevant to this appeal as set forth in the record are as follows: at the time of the parties' divorce, appellee was a self-employed accountant, reportedly earning approximately $30,000 a year. In 1988, he began employment with Columbus Fair Auto Auction ("CFAA"). At the time he left this position in August 1990, appellee's gross annual income was $52,000. Thereafter, he applied for unemployment benefits. There is evidence that he received one weekly check of unemployment benefits in the amount of $279. At the time of the October 18, 1990 hearing, appellee was employed by Dublin Securities. He testified that he had only been licensed to sell securities for about two weeks, that his income was based solely on commissions, and that he, as yet, had made no commissioned sales. He also stated that " * * * [p]otentially I can make more there than I've made as an accountant if I put the time in." The record also reflects that appellee has not filed an income tax return since 1981. His 1981 tax return was filed in 1986.

Appellant is a high school graduate and at the time of the October 18, 1990 hearing, she was employed part-time by Design Expressions as a bookkeeper. The record shows that her income for 1989 was approximately $6,000.

The trial court adopted the report and recommendations of the referee and, thereafter, this appeal ensued. The appellant asserts the following two assignments of error:

"I. The trial court erred when it decreased child support retroactively to date motion was filed based upon the unemployed status of appellee as of the date of hearing.

"II. The trial court erred when it refused to hear evidence concerning events which occurred between the date of the hearing before the referee and the hearing on objections before the trial judge."

In the first assignment of error, appellant asserts that the trial court erred when it decreased child support retroactively to June 27, 1990, the date appellant's motion was filed, based upon the unemployed status of appellee on the date of the October 18, 1990 hearing.

R.C. 3113.215, the relevant section for the calculation of child support, which was effective as of April 12, 1990, states, in pertinent part, as follows:

"(A) As used in this section:

"(1) 'Income' means either of the following:

"(a) For a parent who is employed to full capacity, the gross income of the parent;

"(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent, and any potential income of the parent.

"(2) 'Gross income' means, except as excluded in this division, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes, but is not limited to, income from salaries, wages, overtime pay and bonuses to the extent described in division (B)(5)(d) of this section, commissions, royalties, tips, rents, dividends, severance pay, pensions, interest, trust income, annuities, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, spousal support actually received from a person not a party to the support proceeding for which actual gross income is being determined, and all other sources of income; self-generated income; and potential cash flow from any source.

" * * *

"(5) 'Potential income' means both of the following for a parent that the court determines is voluntarily unemployed or voluntarily underemployed:

"(a) The income that the court determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides;

"(b) Imputed income from any nonincome-producing assets of a parent, as determined from the current rate of long-term treasury bills or another appropriate rate as determined by the court, if the income is significant."

Contrary to the conclusion reached by the referee that appellee was unemployed, the evidence shows that appellee was employed by Dublin Securities on the date of the October 18, 1990 hearing. Thus, it was improper for the trial court to base the child support calculations on appellee's unemployed status. The evidence demonstrates that appellee was employed by CFAA from August 1988 through August 1990 and was earning a yearly salary of $52,000 at the time he resigned. The record also demonstrates that appellee had received only one unemployment check for $279, prior to the October 18, 1990 hearing. It was appellee's testimony that, although he was employed at Dublin Securities, his earnings were based solely on commissions and he had not sold any securities, as yet. However, he indicated that " * * * [p]otentially I can make more there than I've made as an accountant if I put the time in."

Pursuant to R.C. 3113.215, and based on the evidence, appellee's status should have been categorized as "underemployed" and not as "unemployed," since he held a job at the time of the hearing. See R.C. 3113.215(A)(1)(b). Then, appellee's gross income should have been calculated pursuant to R.C. 3113.215(A)(2) and 3113.215(A)(5)(a) and (b). Pursuant to R.C. 3113.215(A)(2),

gross income is to be calculated from all earned and unearned income from all sources during a calendar year, which in this case would be from the previous October 1989 to October 1990.

Likewise, on remand, the trial court should reconsider the potential for earnings of the appellant. Appellant testified that she works as a part-time bookkeeper earning approximately $6,000 per year. It was her testimony that she cannot work outside the home on a full-time basis because she needs to be at home to supervise a daughter that is experiencing behavioral problems. This evidence was neither substantiated nor refuted. The trial court, on remand, should consider and apply the appropriate sections of R.C. 3113.215 and determine whether appellant is underemployed in recalculating the proper child support amount based upon three children from June 27, 1990, the date of filing, to July 25, 1990, the date of the eldest child's emancipation. Thereafter, the trial court should base its calculation on the two unemancipated children.

It is important to note that a major difficulty in a case like this is the evidence which is presented by each party. The trial court may demand that certain evidence be substantiated and require a party to submit income tax forms, pay stubs, etc. However, the majority of the responsibility for providing sufficient, proper evidence to the court is with the parties themselves. Accordingly, appellant's first assignment of error is well taken and is sustained.

■ In the second assignment of error, appellant asserts that the trial court erred when it refused to hear additional evidence after the October 18, 1990 hearing before the referee, but before the trial court ruled on the objections to the referee's report. Appellant is referring to the following facts: the motion for modification of child support, filed June 27, 1990, was heard before a referee October 18, 1990 after several continuances. The referee issued his first report March 19, 1991. Both parties filed objections and appellee filed a motion for reconsideration. At the hearing on the motion for reconsideration, the referee refused to allow presentation of any evidence of events which occurred after October 18, 1990. After the referee issued a revised report on May 17, 1991, appellant again filed objections. On May 26, 1991, appellant filed a "SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTIONS TO REPORT OF REFEREE." At the hearing on those objections, the trial court refused to consider any new evidence, exercising its discretionary powers pursuant to Civ.R. 53(E)(2). The trial court issued its decision August 9, 1991.

Appellant asserts in her supplemental memorandum that the evidence which she wanted to submit would have confirmed appellee's earning capacity of at

least $50,000 per year since appellee obtained new employment on December 3, 1990 at a salary of $52,000.

Accordingly, since the submission of additional evidence is a discretionary matter with the trial court, absent a showing of an abuse of discretion, this court must necessarily overrule appellant's second assignment of error.

In light of this court's disposition of appellant's first assignment of error, and in consideration of the time that has passed since appellant first filed her motion for modification in June 1990, these new factual developments can be submitted and considered on the remand of this matter to the trial court. Appellant's second assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first assignment of error is well taken and is sustained; appellant's second assignment of error is not well taken and is overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby reversed and remanded.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and DESHLER, JJ., concur.