OPINION
Dorothy A. Ferguson (now Cocola) and Richard Ferguson were married in 1968 and divorced in 1987. Post-decree litigation, including litigation spawned from the divorce action,[1] has consistently occurred since the 1987 divorce.
As part of the 1987 divorce, Ms. Cocola was granted custody of the parties' three minor children. Originally, Mr. Ferguson was ordered to pay child support of $60 per week per child, and was ordered to pay alimony (now "spousal support") in the amount of $750 per month.
In June 1990, Ms. Cocola filed a motion seeking modification of child support, citing circumstances relating to Mr. Ferguson's change of employment and the upcoming emancipation of the parties' eldest child. In October 1991, Mr. Ferguson responded by filing a motion seeking, inter alia, custody of the children, child support from his former wife, and termination of his alimony obligation. The trial court ultimately ordered a reduction of child support, based upon Mr. Ferguson's "unemployed" status and the child's emancipation. Ms. Cocola appealed the trial court's modification of child support.
In Ferguson v. Ferguson (1992), 76 Ohio App.3d 818
("Ferguson I"), this court reversed the trial court's determination of child support. Specifically, in Ferguson I, the case was remanded for recalculation of child support based upon Mr. Ferguson's job status as "underemployed," as opposed to "unemployed."
Upon remand, the parties entered into an agreement, pursuant to an entry filed in July 1992, which purported to resolve all outstanding issues. The agreement provided, as pertinent here, that Mr. Ferguson's alimony obligation would terminate upon his lump-sum payment of $30,000 to Ms. Cocola. As to child support, the parties agreed that Mr. Ferguson's obligation would increase to $90 per child, per week until emancipation of the child. The parties further agreed that these terms would be permanent; the entry expressly states that Ms. Cocola:
 * * * agrees that neither she, nor anyone on her behalf or on behalf of the children shall bring any further actions for a modification of child support as she warrants that she has sufficient assets and income with which to support the children provided that she receive child support in the amount of Ninety Dollars ($90.00) per week, per child.
In express consideration for this provision, Mr. Ferguson agreed to pay Ms. Cocola an additional sum of $5,000.
Notwithstanding the parties' agreement, in July 1993, Ms. Cocola filed a motion seeking Civ.R. 60(B) relief from the judgment based upon "newly discovered evidence." In her motion, Ms. Cocola declared that such evidence "will be disclosed at the time of hearing." Following some delay in service of the motion upon Mr. Ferguson, a motion to dismiss was filed on his behalf in February 1994. More delays ensued as the result of discovery and other problems.
Over Mr. Ferguson's objections alleging Ms. Cocola's failure to comply with his discovery requests, a referee (now "magistrate") granted Ms. Cocola a hearing on her motion in December 1994. Subsequent to the hearing, Ms. Cocola filed a motion seeking leave to amend her Civ.R. 60(B) motion to include grounds (3) fraud, and (5) the so-called catchall provision "any other reason justifying relief."
The referee rendered a report dated May 3, 1995, in which she ultimately recommended that Ms. Cocola's motion for relief from judgment be denied. Ms. Cocola filed objections to the magistrate's decision. Following a nonevidentiary hearing before the trial judge in February 1996, during which the parties argued their respective positions, the judge overruled the objections, adopting the referee's decision in toto pursuant to an entry journalized November 24, 1998.
Dorothy Cocola (hereinafter "appellant") has timely appealed, assigning three errors for our consideration:
ASSIGNMENT OF ERROR NO. 1
 The trial court acted contrary to law, abused its discretion and committed plain error, and prejudiced the appellant and the children of the parties when it adopted the magistrate's report which was in abuse of discretion, contrary to law and contrary to the manifest weight of the evidence.
ASSIGNMENT OF ERROR NO. 2
 The trial court acted contrary to law, abused its discretion[,] committed plain error, acted contrary to the manifest weight of the evidence, and prejudiced the appellant and the children of the parties when it denied the appellant an evidentiary hearing on appellant's [Civ.R.] 60(B) motion.
ASSIGNMENT OF ERROR NO. 2:
 The trial court acted contrary to law, abused its discretion, committed plain error and prejudiced the appellant and the children of the parties when it refused to render a judgment or unnecessarily delayed proceeding to judgment on appellant's motion for more than 3 + years.
By her first assignment of error, appellant essentially argues that the trial court abused its discretion in adopting the referee's report because the report was not supported by the weight of the evidence; stated alternatively, the trial court erred in overruling appellant's objections to the report of the referee because she should have been granted Civ.R. 60(B) relief. In pertinent part, Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
In GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, at paragraph two of the syllabus, the Supreme Court of Ohio set forth the well-established requirements necessary to prevail on a motion brought pursuant to Civ.R. 60(B). The movant must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
As noted above, appellant initially brought her motion pursuant to Civ.R. 60(B) (2), newly discovered evidence. The purported "new evidence" was a copy of a loan application completed by her former husband which purportedly evidenced assets which he failed to disclose prior to the parties' agreement. She later moved to amend her motion to include grounds (3) fraud, and (5) the catchall provision "any other reason justifying relief." According to her motion to amend, these grounds related to the same loan application, as well as Mr. Ferguson's 1991 and 1992 income tax returns "which were not disclosed to [her] prior to the hearing date." According to her motion, the returns evidenced "considerable assets" not known to her prior to the parties' entering their agreement. She also alleged that she was under "duress" at the time she signed the agreement.
The referee accurately summarized the evidence appellant presented at the hearing. Appellant presented testimony of two of the three attorneys who represented her at the time the parties entered into the agreement. One attorney verified that discovery had been a continuing problem throughout the various stages of the litigation. This attorney was unable to state that counsel had obtained adequate financial information before the settlement was reached. In this attorney's opinion, appellant was "fearful" of her former husband.
The other attorney testified that appellant was completely prepared for trial on the day the settlement was reached. According to him, counsel had sufficient discovery to proceed to a contested hearing, which was averted after six or seven hours of negotiations. Counsel opined that his client was motivated to settle because of a pending foreclosure action on her residence.
Appellant also testified. According to appellant, it was her former husband's "pattern of behavior" to falsify information. She stated that she was fearful of Mr. Ferguson. The referee characterized the totality of appellant's testimony as "rambling, general statements, for which she provided no corroborating evidence."
In contrast, the referee expressly found Mr. Ferguson's contrary testimony to be "credible."
Significantly, the question of whether relief should be granted is addressed to the sound discretion of the trial court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, citing Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
Appellant acknowledges the stringent "abuse of discretion" standard by which this court is bound in reviewing her arguments. As stated in Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, quoting State v. Adams (1980), 62 Ohio St.2d 151,157, "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Steiner v. Custer
(1940), 137 Ohio St. 448 * * *.'" (Citations omitted.)
Appellant has failed to demonstrate an abuse of discretion; there is nothing in the record to support appellant's bald assertions that the trial judge acted unreasonably, arbitrarily and unconscionably in approving and adopting the report and recommendation of the referee. The referee gave appellant more than ample opportunity to present evidence to support her mere allegations; appellant failed to do so. In fact, in her report, the referee expressly explained that she allowed appellant substantial leeway, both procedurally and substantively, to demonstrate the merits of her motion:
 The defendant argued that the plaintiff's motion should be dismissed because the motion was lacking the evidence necessary to warrant a hearing. The referee notes that the plaintiff's motion contains only a very brief memorandum, which recites a portion of Rule 60 B and indicates that evidence will be disclosed at the time of hearing. The motion does not contain sufficient information, [i.e.] "operative facts which will demonstrate that the party is entitled to relief" Adomeit v. Baltimore, 39 Ohio App.2d 97 at 102 (1974). Pursuant to that case, the plaintiff's motion could have been dismissed without a hearing, due to this defect. However, in that the plaintiff is proceeding pro se, the referee found it appropriate that she be granted an opportunity to present information to supplement her motion. The purpose of this hearing was for the plaintiff to present enough evidence to show that her request for relief from judgment should be considered in its entirety. (Report of the Referee, 1-2.) (Emphasis added.)
The first assignment of error is overruled.
With respect to appellant's second assignment of error, we are similarly constrained by an abuse of discretion standard of review. Ms. Cocola argues that the trial court abused its discretion in refusing to grant her an evidentiary hearing. As discussed infra, at least one hearing was conducted before a referee at which time appellant was given the opportunity to establish the state of any evidence, or lack thereof, which would tend to support her motion.
In U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293,294, this court explained that a trial court does not abuse its discretion in denying the movant a hearing where the movant has failed to demonstrate, at a minimum, "operative facts warranting relief." See, also, Justice v. Lutheran Social Serv.of Cent. Ohio (1992), 79 Ohio App.3d 439, 442-443. Again, as discussed above, appellant's allegations merely amounted to unsupported assertions of fraud and newly discovered evidence. As stated by the Supreme Court of Ohio in Rose Chevrolet, supra:
 * * * [T]he least that can be required of the movant is to enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. A mere allegation * * * without any elucidation, cannot be expected to warrant relief. Id. at 21. (Emphasis added.)
Given the state of this record, we cannot say that the trial judge abused his discretion in refusing to grant appellant another evidentiary hearing.
The second assignment of error is overruled.
In her third and final assignment of error, appellant contends that the trial court again abused its discretion "when it refused to render a judgment or unnecessarily delayed proceeding to judgment on [her] motion for more than 3+ years." While the time periods involved are extraordinarily lengthy, the record does not support a finding that the fault, if any, resulted from or amounted to an abuse of discretion by the trial court.
To the contrary, the voluminous record before us instead evidences delays caused by the parties' discovery difficulties, counter-motions and responsive pleadings. As a result of the foregoing, many continuances of hearings and extensions of time were granted at the request of either or both parties, to file briefs, amended pleadings, and other documentation in support of their respective motions.
In Rose Chevrolet, supra at 21, the Supreme Court of Ohio summarized well the rationale underlying the appropriateness of Civ.R. 60(B) relief, which rationale we deem particularly applicable here:
 We are aware that Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result. * * * However, the competing principle that litigation must be brought to an end is also pertinent here. * * * Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside. (Emphasis added.)
The third assignment of error is overruled.
Having overruled the assignments of error, the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BOWMAN, JJ., concur.
[1] For example, the record in this case includes pleadings from Ms. Cocola's lawsuit filed against at least one of the three attorneys who represented her in the divorce. In addition, an attorney filed suit against her to collect legal fees.