DECISION
Appellant, Dorothy Ferguson, n.k.a. Dorothy Cocola, and appellee, Richard Ferguson, were married in 1968 and had three children. They were divorced in 1987 and appellant was granted custody of the three children. Appellee was ordered to pay child support of $60 per week per child and was ordered to pay spousal support of $750 per month.
In June 1990, appellant filed a motion seeking modification of child support. The trial court ordered a reduction in child support based upon appellee's "unemployed" status. In Ferguson v. Ferguson (1992), 76 Ohio App.3d 818
("Ferguson I"), this court reversed the trial court's determination of child support, finding that appellee was "underemployed," rather than "unemployed."
Upon remand the parties entered into an agreement which was filed in July 1992. The agreement provided that appellee's spousal support obligation would terminate upon a lump-sum payment to appellant of $30,000, and appellee's child support obligation increased to $90 per week per child, or $390 per month per child.[1] In return for appellant's agreement that neither she, nor anyone on her behalf, or on behalf of the children, would seek further modification of the child support, appellee paid an additional $5,000 to appellant.
Appellant filed a Civ.R. 60(B)(2) motion in July 1993, seeking relief from that judgment. On May 3, 1995, a referee, now magistrate, rendered a decision recommending that appellant's motion be denied and the trial court overruled appellant's objections and adopted the referee's decision. Appellant appealed and this court affirmed in Ferguson v. Ferguson (Sept. 2, 1999), Franklin App. No. 98AP-1622, unreported ("Ferguson II").
The present appeal arises from a notification to Franklin County Child Support Enforcement Agency ("FCCSEA") from appellant that the middle child, Andrea, would be emancipated on September 16, 1994, and a request that FCCSEA recalculate the child support for the third child and to assist her in collecting child support arrearages. FCCSEA conducted an investigation and concluded that Andrea would be emancipated on June 1, 1995, and that child support should continue for the youngest child, Jennifer, in the amount of $390 per month. Appellant filed a notice of objection to the FCCSEA investigation.
On May 1, 1998, a hearing was held before a magistrate upon appellant's objections to the FCCSEA termination investigation. Appellee was not present for the hearing. Appellant contends that she issued a subpoena to appellee but the record indicates that the subpoena was not served. The magistrate found that Andrea was emancipated as of September 16, 1994, rather than June 1, 1995, as determined by FCCSEA. The magistrate terminated child support for Andrea as of September 16, 1994. The magistrate also increased child support for the youngest child, Jennifer, to $589.37 per month. The magistrate found that appellee had overpaid child support by $5,571.86. Appellant filed objections to the magistrate's decision which were overruled on April 7, 1999. It is from that decision that appellant appeals and raises the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT'S "DECISION ON OBJECTIONS" WHICH IS IN ABUSE OF DISCRETION FAILED TO COMPLY WITH CIV.R. 53 AND AS A RESULT APPELLANT AND THE CHILDREN OF THE PARTIES HAVE BEEN PREJUDICED. THE MAGISTRATE'S REPORT AS TO APPELLEE'S INCOME WAS DEFECTIVE ON ITS FACE, DID NOT PROVIDE THE COURT WITH SUFFICIENT AND CORRECT FACTS AS TO APPELLEE'S INCOME WHICH EVIDENCE WAS INCLUDED IN THE COURT'S OWN RECORD.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ACTED CONTRARY TO LAW, ABUSED ITS DISCRETION, COMMITTED PLAIN ERROR, AND PREJUDICED THE APPELLANT AND THE CHILDREN OF THE PARTIES WHEN IT ADOPTED THE MAGISTRATE'S REPORT WITHOUT CONDUCTING A FULL-EVIDENTIARY HEARING ON APPELLANT'S OBJECTIONS.
By the first assignment of error, appellant contends that the trial court erred in adopting the magistrate's decision because the magistrate's decision did not properly calculate appellee's income. Appellant contends that the magistrate erred in determining that appellee's income was $55,000 when appellant had presented evidence that appellee's annual income was $200,000. At the hearing, appellant's former counsel testified that she regularly sees appellee in the courthouse and knows that he testifies as an expert witness concerning valuing property and businesses. She testified that experts typically charge between $100 and $200 per hour and that it would require at least ten hours of work per case. She also testified that she knows appellee speaks at seminars. Appellant also testified at the hearing and presented a brochure highlighting appellee as a speaker at the Business Evaluation and Litigation Support Conference. Appellant submitted the child support worksheet guidelines with appellee's income at $200,000, and her income as $10,000.
The magistrate did not find the testimony regarding appellee's income sufficient or reliable to establish appellee's annual income at $200,000. Therefore, the magistrate used the last child support guideline worksheet, which was filed on July 1, 1992, to determine appellee's annual income as $55,000. Appellant contends this was an error.
A trial court's award of child support will not be disturbed absent an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In this case, it was not an abuse of discretion for the trial court to disregard appellant's evidence concerning appellee's income. Neither witness had first-hand knowledge concerning appellee's income. In fact, appellant's former counsel testified that she is not in the courtroom when appellee is testifying, but she "knows" his purpose for being at the courthouse is to testify as an expert witness. Yet, appellant's former counsel had never hired appellee and she had no personal knowledge concerning the cases that appellant used as examples of cases in which appellee allegedly had testified as an expert witness. The witness had no knowledge as to an hourly rate charged by appellee. This evidence is far too speculative to be credible and reliable. The trial court did not err in failing to rely upon it.
Appellant also argues that the trial court should have used the 1991 and 1992 income tax returns which were in the court file rather than the child support guideline worksheet because the tax returns demonstrated a higher income than the worksheet. Apparently, the income tax returns were submitted into evidence during the hearing on appellant's Civ.R. 60(B)(2) hearing in 1995; however, the record on appeal does not include the transcript of that hearing or the exhibits.
Appellant attached the returns to her motion for findings of fact and conclusions of law which was filed on February 21, 1996. Disregarding any issue as to whether attaching the returns to a motion would have the effect of making the returns evidence or part of the record on appeal, the tax return for 1991 only demonstrates an adjusted gross income of $41,329.50 for appellee. There are two tax returns for 1992, one which is identified as a joint return for appellee and his wife, demonstrates an adjusted gross income of $103,249.50; but the second 1992 return is identified as solely appellee's return (married, filing separate), and his adjusted gross income is $45,716. Appellant identified the second return in her attachment to the motion as one appellee submitted to Trust Corporation Mortgage Company to obtain a mortgage.
The trial court did not err in refusing to use these returns, assuming they were properly before the court. The 1991 tax return demonstrates a lower gross income than the 1992 worksheet so appellant was not prejudiced. The 1992 returns are not reliable evidence. First, there are two returns for the same year. Secondly, the joint return does not demonstrate appellee's income but a joint income and the return which is solely appellee's return also demonstrates a lower income than the 1992 worksheet. Thus, the trial court did not err in relying upon the child support worksheet as to appellee's income.
Appellant's final argument is that the trial court should not have relied upon stale and outdated information concerning appellee's income, and used current information concerning her income. She argues that she was penalized for being truthful at the hearing by testifying that her income had increased from $6,000 per year to $10,000 per year, yet the trial court used information from 1992 for appellee. Appellant had the burden of proof to demonstrate that appellee's income had increased from the 1992 amount. It is not the court's duty to provide evidence. If appellant wanted to cross-examine appellee at the hearing, she should have issued, served and requested enforcement of the subpoena in a timely manner. Although she had issued a subpoena, it was not timely and never served.
After the hearing, the child support was recalculated and appellant is now in a better situation than if the July 1992 agreement had been enforced. The agreement provided that the child support was $390 per month and the court awarded $589.37 per month. Appellant's first assignment of error is not well taken.
By the second assignment of error, appellant contends that the trial court erred when it failed to conduct a full evidentiary hearing upon her objections to the magistrate's decision. Civ.R. 53(E)(4)(b) provides, as follows:
 * * * The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
There is no requirement that the trial court hear additional evidence upon objections. As this court stated in Ferguson I, at 823, the trial court has the discretion to determine whether or not it will hear additional evidence. See, also, Brooks v. Brooks
(Dec. 14, 1995), Franklin App. No. 95APF03-381, unreported. In this case, appellant has not demonstrated that she had additional evidence to provide at the objections hearing that could not have been presented at the magistrate hearing. The trial court did not abuse its discretion. Appellant's second assignment of error is not well taken.
For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.
[1] It is not clear from the agreement whether the trial court made a mathematical error or the parties just agreed to $390 per month per child.