JOURNAL ENTRY AND OPINION
{¶ 1} This is defendant Monique Burgess's ("wife") second appeal to this court in the divorce action initiated by plaintiff Gary Burgess ("husband"). We dismissed wife's first appeal for lack of a final appealable order. See Burgess v. Burgess,
Cuyahoga App. No. 80484, 2003-Ohio-2. Once again, we must dismiss her appeal for lack of a final appealable order.
 {¶ 2} After remand, the magistrate in the case at bar held a hearing to determine the status of the marital home. After wife filed objections to the magistrate's decision, the court overruled those objections and approved the report. Husband then filed a motion to respond to the objections, which motion the court granted. The court vacated its approval of the magistrate's report and ordered husband to provide it with a transcript of the proceedings, and husband did.
 {¶ 3} The court then issued the following judgment entry:
"Objections were filed to the Magistrate's decision [sic] pursuant to Civil Rule 53 of the Ohio Rules of Civil Procedure. After consideration of the pleadings, Magistrate's Decision, exhibits, full transcript, Defendant's objections and Defendant's supplemental brief to objections, said objections are hereby overruled and the decision of the Magistrate adopted.
Counsel for Defendant shall prepare, within ten (10) days ofjournalization of this order, a judgment entry reflecting therecommended decision. Said judgment entry shall adopt the prior decree in this matter and shall be affixed to the divorce decree for the purposes of appeal. Said judgment entry shall contain all mandatory statutory language and information as required by Ohio law and the Cuyahoga Support Enforcement Agency (CSEA). (Emphasis added.)"
 {¶ 4} Wife never submitted the ordered judgment entry. Instead, over three weeks later, she filed her appeal, stating four assignments of error.[1]
 {¶ 5} A judgment entry adopting a magistrate's report is not a final appealable order unless the court independently states the resolution of all the issues raised in the case. "[A] trial court must journalize a judgment that unequivocally orders the relief provided to the parties and cannot merely adopt or affirm the magistrate's decision." Biddulph v. DeLorenzo, Cuyahoga App. No. 80474, 2002-Ohio-2966 ¶ 6, citing Harkkai v. ScherbaIndustries (2000), 136 Ohio App.3d 211, 218. See also Wilson v.Brown (1987), 41 Ohio App.3d 77, 78 ("even though the court may adopt the findings of a referee made pursuant to Civ. R. 75(C), those findings are not final appealable orders.")
 {¶ 6} The judgment entry appealed in the case at bar clearly was not intended to be a final appealable order. The court expressly ordered one of the parties to draft the order which would function as the final appealable order. Without that order, we cannot address the issues wife believes were wrongly decided.
Case dismissed for lack of a final appealable order.
It is ordered that appellee recover of appellant his costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Dyke, J., concur.
[1] Those assignments of error state:
I. The trial court committed reversible error in failing to grant defendant-appellant's motion for relief from judgment and/or to modify its judgment of October 3, 2000 found at volume 3649, pages 498-501, where there was no hearing held upon the issue of plaintiff-appellee's grounds for divorce nor the fullness, fairness and completeness of the separation agreement but, none the less, signed and incorporated therein the purported "separation agreement."
II. The trial court committed reversible error in determining that the only issue before it upon the dismissal of defendant-appellant's first appeal was the disposition of the marital residence.
III. The trial court abused its discretion by ordering an inequitable division of marital assets and liabilities.
IV. The trial court abused its discretion by denying defendant-appellant attorney's fees based on the judgement [sic] she received for mortgage expenses for the marital residence.